IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Brian Shumpert, #Y300559, ) | |
| ) | Civil Action No. 9:08-0489-HFF-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Officer Lazette Hurley, Turbeville ) | |
| Correctional Institution, South Carolina ) | |
| Department of Corrections, and ) | |
| Turbeville Correctional Institution, ) | |
| ) | |
| Defendants. ) | |



The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On May 29, 2008, the Defendants filed a motion for summary judgment. On June 2, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), an order was mailed to the Plaintiff's last known address (Turbeville Correctional Institution, P. O. Box 252, Turbeville, SC 29162) advising him of the summary judgment procedure and the possible consequences if he failed to respond adequately. The envelope containing this order was returned to the court as the Plaintiff is apparently no longer incarcerated at Turbeville Correctional Institution. The Clerk of Court's Office contacted Turbeville Correctional Institution and confirmed Plaintiff was released on May 30, 2008.

The record reveals that the Plaintiff was advised by order dated March 13, 2008, of his responsibility to notify the court *in writing* if his address changed. To date the Plaintiff has not notified the court of his new address.

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action.

Accordingly, it is recommended that this action be dismissed for lack of prosecution.

_____
George C. Kosko
United States Magistrate Judge

July 17, 2008

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).